UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO.: 00-6273-CR-HUCK / GARBER

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ADAM TODD SILVERMAN,
    Defendant.
_____/

## DEFENDANT SILVERMAN'S MOTION TO MODIFY OR REDUCE BOND

Defendant, ADAM TODD SILVERMAN, through undersigned appointed counsel, respectfully files this Motion requesting the Court to modify or to reduce his $150,000 corporate surety bond to a personal surety bond in any amount, coupled with appropriate monitoring and reporting conditions, and, in support thereof, says:

1. On October 5, 2000, United States Magistrate Judge Barry L. Garber denied the government's request for Pretrial Detention and set bond in the amount of $150,000 corporate surety, coupled with numerous special conditions, including a curfew and electronic monitoring (see Order attached as Exhibit "A").

2. In setting bond, Magistrate Garber found that Mr. Silverman is not a



danger to the community, nor is he a risk of flight. In support of the bond determination, Magistrate Garber indicated some doubt regarding the weight of the evidence against the accused regarding his knowledge of the purpose for which a vehicle he provided was apparently used to dispose of a corpse (of particular relevance, the Defendant is charged in Count XIX with a § 3 violation of being an accessory after the fact).

3. The Defendant's family has been attempting as best it can to meet a corporate surety bond for the release of Mr. Silverman. It appears tat sufficient assets and funds are not available for posting such a bond.

4. Undersigned counsel has advised the Defendant's mother of the responsibilities she would be undertaking and all possible risks should she co-sign a bond for the release of her son. The Defendant's mother has no doubt that the Defendant will abide by all conditions of release on bond and is willing to sign as a co-surety on a bond. Unfortunately, the mother has only approximately $20,000.00 worth of equity in her property and thus cannot meet the present requirements of a corporate surety bond.

5. Undersigned counsel submits that a bond can be fashioned for this

        Defendant's release, including electronic monitoring, curfew and reporting requirements. Due to his financial inability, the bond as presently set is tantamount to no bond at all. This is of particular import to this case since the trial has been scheduled for September 4, 2001, meaning that the accused, who is presumed innocent, will be required to spend in excess of one year in jail pending trial due solely to his financial condition.

6.    Pursuant to Local Rule, undersigned counsel has discussed this matter with AUSA Jeff Sloman, who objects to the granting of this Motion.

        WHEREFORE, based on the above and foregoing, the Defendant, ADAM SILVERMAN, respectfully requests this Honorable Court to reduce or modify his bond, or to hold a hearing on this Motion at which time this Court can enter an Order it deems fair and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail this 9th day of November, 2000, to Jeff Sloman, Esquire, U.S. Attorney's Office, 500 West Broward Blvd., Fort Lauderdale, Florida 33301.

_____
Michael G. Smith
FBN: 265802
633 Southeast Third Avenue, Suite 4-F
Fort Lauderdale, FL 33301
(954)764-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA

v.

ADAM TODD SILVERMAN

ORDER DENYING GOVERNMENT'S
REQUEST FOR PRETRIAL DETENTION &
SETTING A BOND

This Cause came before the Court upon motion of (the government for pretrial detention) (the defendant to set a bond). Upon consideration, it is

ORDERED AND ADJUDGED as follows:

✓ The government's motion is **denied**.
✓ The defendant's motion is **granted**; bond is set at:

___ Personal Surety, unsecured, in the amount of
    $_____

___ Personal Surety in the amount of $_____
    with 10% posted with Clerk of Court.

___ Personal Surety in the amount of $_____
    secured by the following collateral: _____

___ Full Cash in the amount of $_____

✓ Corporate Surety in the amount of $150,000 w/ Nebbia

___ Full Cash or Corporate Surety in the amount of
    $_____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

✓ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
✓ REPORT TO PRETRIAL SERVICES AS FOLLOWS: Three WEEKLY IN PERSON; Two WEEKLY BY PHONE.
___ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES PROHIBITED BY LAW.    Remain SDFL
✓ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
___ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
✓ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.
___ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.
✓ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: Curfew 10:00 PM through 7:00 A.M.; Electronic Monitoring at deft's own expense, including during deft's employment hours

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is: _____

**DONE AND ORDERED** at Miami, Florida this 5th day of October, 2000.

TAPE NO. 00C- 69-1
                68-2180

c: AUSA, Defense,
   Pretrial Services
   U.S. Marshal
   Lavecchio/Sloman
   Michael Smith, Esq.

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

Ex: A