UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO.: 00-6273-CR-HUCK / GARBER

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ADAM TODD SILVERMAN,
    Defendant.
_____/

## DEFENDANT SILVERMAN'S MOTION FOR INVESTIGATIVE COSTS

The Defendant, ADAM TODD SILVERMAN, through undersigned appointed counsel, respectfully files this Motion for Investigative Costs, and in support thereof says:

1. Undersigned counsel has been appointed to represent the Defendant, Adam Silverman, pursuant to the Criminal Justice Act.

2. As this Court is aware, the Defendant has been charged in a 25 Count Indictment with eight other individuals with racketeering spanning a six year period. The pattern of alleged racketeering activity consisted of multiple acts or threats involving murder, extortion, extortionate extensions of credit, financing extortionate extensions of credit, collection of extensions of credit by extortionate means, fraud, bank



fraud, theft from interstate shipments, interference with commerce by threats or violence and obstruction of justice.

3. The Defendant requests this Court's authorization to obtain an investigator to assist in the preparation of the defense, including investigating the facts of the case and interviewing and taking statements from prospective defense and government witnesses, as well as background investigations.

4. Services of a competent independent investigator are necessary and essential in order to conduct an adequate investigation and thereby safeguard Defendant's Fifth and Sixth Amendment Rights to receive a fair trial, to present witnesses on his own behalf, to effective assistance of counsel and to preserve meaningful cross-examination and confrontation of government witnesses.

5. An investigator is also needed to assist in the review of the voluminous discovery, consisting of approximately 3,000 documents, 74 audio tapes, 17 CD ROMs and one video. Undersigned counsel request

6. Since the government apparently conducted a lengthy investigation prior to filing the indictment in this case, Defendant cannot perceive

any prejudice to the government by the granting of this motion to afford this Defendant at least some opportunity to contest the government's proof.

7. In <u>United States v. Sailer</u>, 552 F.2d 213 (5th Cir.), <u>cert denied</u>, 431 U.S. 959 (1977), the Court recognized that investigative services are necessary in appropriate cases to aid in preparation of an indigent defendant's defense to the charges lodged against him. Moreover, it has been held that allowance of investigative expenses for indigent Defendants is <u>required</u> when necessary to the proper preparation of the defense. A denial of government funds for such purpose may violate Defendant's right to the effective assistance of counsel and to due process of law. <u>See</u> <u>Mayson v. Arizona</u>, 504 F.2d 1345 (10th Cir. 1974), <u>cert denied</u>, 420 U.S. 936 (1975).

8. Counsel submits that it is anomalous for the Court to appoint counsel to represent an indigent defendant and not provide that counsel with the necessary means to provide effective assistance, especially where such means are provided for by law. See Title 18, U.S.C. Sec. 3006(1) and (3). Indeed, the District of Columbia Court of Appeals has recently held that an attorney's failure to properly

investigate violated the defendant's Sixth Amendment right to effective assistance of counsel. See <u>Harris v. United States</u>, 30 Cr.L.Rptr. 2368 (D.C. Cir. January 21, 1983). See too, <u>Sullivan v. Fairman</u>, 819 F.2d 1382, 1391-93 (7th Cir. 1987) (ineffective assistance when counsel failed to contact five witnesses whose names, addresses, and telephone numbers were in police reports that counsel possessed and whose testimony directly contradicted that of government's principal witness).

9. Defendant submits that the allegations contained in his motion clearly reveal the necessity for the use of investigative services in this case to aid in the proper preparation of his defense. Therefore, Defendant's motion should be granted upon the authorities set forth above and pursuant to Title 18 U.S.C. Sec. 3006(3)(1) and (3).

10. Counsel suggests that should this Court have any question regarding the absolute need for excess funds to obtain adequate investigative services, this Court should set this matter for an <u>ex parte</u>, <u>in camera</u> hearing to enable counsel to further expound upon the need for investigative funds.

WHEREFORE, based upon the above and foregoing, the undersigned respectfully requests that this Court authorize the expenditure of up to $1,000.00, exclusive of costs, for the services of an investigator to aid the preparation of the defense in this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail on this 7th day of March, 2001, to the following:

Jeff Sloman, Esquire
Assistant U.S. Attorney
500 East Broward Blvd.
Fort Lauderdale, Florida 33301

Adam Todd Silverman
Inmate No.: 02405-748
FDC - Miami
33 Northeast Fourth Street
Miami, Florida 33130

Manny Gonzalez, Esquire
(atty for Banks)
782 Northwest LeJeune Road
Suite 440
Miami, Florida 33126

Donald Spadero, Esquire
(atty for Chiusano)
1000 South Federal Highway
Suite 103
Fort Lauderdale, Florida 33316

Richard Houlihan, Esquire
(atty for Trentacosta)
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

Tom Almon, Esquire
(atty for Charles Monico)
321 Northeast 26th Street
Miami, Florida 33137

Alejandro Taquechel, Esquire
(atty for Garcia)
3750 West 16th Avenue
Suite 238
Hialeah, Florida 33012

Jeffrey Weinkle, Esquire
(atty for Hernandez)
1035 Northwest 11th Avenue
Miami, Florida 33136

Fred Haddad, Esquire
(atty for Massaro)
101 Northeast Third Avenue
Suite 202
Fort Lauderdale, Florida 33301

Samuel D. Deluca, Esquire
(atty for Ruggeriero)
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

BY: _____
MICHAEL G. SMITH
FBN# 265802
633 Southeast Third Avenue, Suite 4-F
Fort Lauderdale, FL 33301
(954) 764-0033 / (954) 764-2590 - fax

**CJA 21 AUTHORIZATION AND VOUCHER FOR EXPERT AND OTHER SERVICES (5-99)**

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED Adam Todd Silverman | VOUCHER NUMBER |
|---|---|---|

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER CC-006273: 006 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|

| 7. IN CASE/MATTER OF (Case Name) USA v Tentacosta | 8. PAYMENT CATEGORY ☒ Felony ☐ Petty Offense ☐ Misdemeanor ☐ Other ☐ Appeal | 9. TYPE PERSON REPRESENTED ☒ Adult Defendant ☐ Appellant ☐ Juvenile Defendant ☐ Appellee ☐ Other: | 10. REPRESENTATION TYPE (See Instructions) Criminal |
|---|---|---|---|

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*
18 594.F

### REQUEST AND AUTHORIZATION FOR EXPERT SERVICES

**12. ATTORNEY'S STATEMENT**
As the attorney for the person represented who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☒ Authorization to obtain the service. Estimated Compensation and Expenses: $ 1000     OR
☐ Approval of services already obtained to be paid by the United States pursuant to the Criminal Justice Act. (Note: Prior authorization should be obtained for services in excess of $300, excluding expenses)

Signature of Attorney _[signed]_     Date 3/7/01

☒ Panel Attorney  ☐ Retained Attorney  ☐ Pro-Se  ☐ Legal Organization

ATTORNEY'S NAME *(First Name, M.I., Last Name, including any suffix)*, AND MAILING ADDRESS
Michael G Smith 633 SE 3 Ave 4F Ft Laud FL 33301     Telephone Number: 954-764-0033

**13. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES** (See Instructions)
Trial Prep

**14. TYPE OF SERVICE PROVIDER**
01 ☒ Investigator
02 ☐ Interpreter/Translator
03 ☐ Psychologist
04 ☐ Psychiatrist
05 ☐ Polygraph
06 ☐ Documents Examiner
07 ☐ Fingerprint Analyst
08 ☐ Accountant
09 ☐ CALR (Westlaw/Lexis, etc.)
10 ☐ Chemist/Toxicologist
11 ☐ Ballistics
13 ☐ Weapons/Firearms/Explosive Expert
14 ☐ Pathologist/Medical Examiner
15 ☐ Other Medical
16 ☐ Voice/Audio Analyst
17 ☐ Hair/Fiber Expert
18 ☐ Computer (Hardware/Software/Systems)
19 ☐ Paralegal Services
20 ☐ Legal Analyst/Consultant
21 ☐ Jury Consultant
22 ☐ Mitigation Specialist
23 ☐ Duplication Services (See Instructions)
24 ☐ Other (Specify)

**15. COURT ORDER**
Financial eligibility of the person represented having been established to the Court's satisfaction, the authorization requested in Item 12 is hereby granted.

Signature of Presiding Judicial Officer or By Order of the Court

Date of Order _____     Nunc Pro Tunc Date _____
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES  ☐ NO

### CLAIM FOR SERVICES AND EXPENSES / FOR COURT USE ONLY

| 16. SERVICES AND EXPENSES *(Attach itemization of services with dates)* | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses *(lodging, parking, meals, mileage, etc.)* | | | |
| c. Other Expenses | | | |
| **GRAND TOTALS (CLAIMED AND ADJUSTED):** | | | |

**17. PAYEE'S NAME AND MAILING ADDRESS**

TIN: _____
Telephone Number: _____

CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM _____ TO _____

CLAIM STATUS  ☐ Final Payment    ☐ Interim Payment Number _____    ☐ Supplemental Payment

I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee _____     Date _____

**18. CERTIFICATION OF ATTORNEY** I hereby certify that the services were rendered for this case.

Signature of Attorney _____     Date _____

### APPROVED FOR PAYMENT - COURT USE ONLY

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOTAL AMOUNT APPROVED/CERTIFIED |
|---|---|---|---|

**23.** ☐ Either the cost *(excluding expenses)* of these services does not exceed $300, or prior authorization was obtained.
☐ Prior authorization was not obtained, but in the interest of justice the Court finds that timely procurement of these necessary services could not await prior authorization, even though the cost *(excluding expenses)* exceeds $300.

Signature of Presiding Judicial Officer     Date     Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|

**28. PAYMENT APPROVED IN EXCESS OF THE STATUTORY THRESHOLD UNDER 18 U.S.C. § 3006A(e)(3)**

Signature of Chief Judge, Court of Appeals (or Delegate)     Date     Judge Code