UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO.: 00-6273-CR-HUCK / GARBER



UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ADAM TODD SILVERMAN,
    Defendant.
_____/

## DEFENDANT SILVERMAN'S MOTION TO SUPPRESS STATEMENTS

    The Defendant, ADAM TODD SILVERMAN, through undersigned appointed counsel pursuant to Rules 12 and 41(f), Federal Rules of Criminal Procedure, moves this Court to suppress as evidence at the time trial, all oral or written statements made by the Defendant to law enforcement officers, and as grounds therefore says:

    1.    On April 22, 1999, the Defendant provided an oral statement to officers of the Broward Sheriff's Department regarding a homicide investigation. Thereafter, on September 27, 2000, upon execution of a federal arrest warrant alleging violations of the RICO Act and allegations of being an accessory after the fact to a murder, the Defendant provided a statement to members of the FBI and other law

enforcement officers. At the time that Defendant provided these statements he was under the influence of alcohol and drugs and did not fully understand nor appreciate his right to remain silent and to have the immediate assistance of counsel prior to making any statements. The Defendant did not and could not knowingly exercise his constitutional rights nor did he knowingly and voluntarily waive his right to remain silent and his right to have assistance of counsel. For several hours prior to his arrest (and, indeed, for many days and weeks preceding his arrest) the Defendant consumed vast quantities of alcohol and excessive amounts of narcotic mind influencing drugs. At the time of his arrest at his residence, he had recently awoken from a deep drug and alcohol induced sleep. In this unstable state of mind, the Defendant was whisked away to the FBI office, confronted with the allegations against him and influenced to give a statement.

2. The Due Process Clause of the Fourteenth Amendment prohibits the government's use of involuntary confessions. Miller v. Fenton, 474 U.S. 104 (1985); Harris v. Dugger, 874 F.2d 756 (11th Cir. 1989); Miller v. Dugger, 838 F.2d 1530 (1988).

3. Involuntary statements are inherently untrustworthy. Their use violates our fundamental sense of decency. Spano v. New York, 360

U.S. 315, 320 (1959) In order to determine whether a statement was voluntarily given, the court must determine "whether, under a totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the constitution." Collazo v. Estelle, 940 411, 415 (9th Cir. 1991) (en banc), cert. denied, 112 S.Ct. 870 (1992)(quoting Miller v. Fenton, 474 U.S. 104, 112 (1985)). "A statement is involuntary if it is extracted by any sort of threats or violence [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." U.S. v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir. 1993) (quoting Leon Guerrero, 847 F.2d at 1366, additional citations omitted. "The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne". See Derrick v. Peterson, 924 F.2d 813, 8147 (9th Cir. 1990).

4. Most importantly, the government bears the burden of proving, by a preponderance of the evidence that the statement attributed to the defendant has been voluntary obtained. See Lego v. Tome, 404 U.S. 477, 489 (1972); U.S. v. Swint, 15 F.3d 286, 288-289 (3d Cir. 1994). The Court must always make a determination as the

voluntariness of a defendant's statement and the defendant is entitled to have a hearing on that issue, outside of the presence of the jury. <u>Jackson v. Denno</u>, 378 U.S. 368 (1964); <u>U.S. v. Restreo</u>, 994 F.2d 173 (5th Cir. 1993). The admissibility of confessions is further governed by the provision of Title 18, U.S.C. §3501.

5. Defendant submits that at the time the statements were made, he was under the influence of alcohol and/or drugs to such an extent that the Defendant was incapable of knowingly and willingly understanding and waiving his Miranda rights and thus the statements were involuntary and inadmissible in a court of law. A hearing on this matter will show, through a totality of the circumstances, that the statements were involuntary without a knowing waiver of the Defendant's constitutional rights.

WHEREFORE, based upon the above and foregoing, the Defendant respectfully requests this Honorable Court grant the relief herein requested or, in the alternative, conduct a hearing on this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail on this 28th day of March, 2001, to the following:

Jeff Sloman, Esquire
Assistant U.S. Attorney
500 East Broward Blvd.
Fort Lauderdale, Florida 33301

Adam Todd Silverman
Inmate No.: 02405-748
FDC - Miami
33 Northeast Fourth Street
Miami, Florida 33130

Manny Gonzalez, Esquire
(atty for Banks)
782 Northwest LeJeune Road
Suite 440
Miami, Florida 33126

Donald Spadero, Esquire
(atty for Chiusano)
1000 South Federal Highway
Suite 103
Fort Lauderdale, Florida 33316

Richard Houlihan, Esquire
(atty for Trentacosta)
300 Aragon Avenue, Suite 310
Coral Gables, Florida 33134

Tom Almon, Esquire
(atty for Charles Monico)
321 Northeast 26th Street
Miami, Florida 33137

Alejandro Taquechel, Esquire
(atty for Garcia)
3750 West 16th Avenue
Suite 238
Hialeah, Florida 33012

Jeffrey Weinkle, Esquire
(atty for Hernandez)
1035 Northwest 11th Avenue
Miami, Florida 33136

Fred Haddad, Esquire
(atty for Massaro)
101 Northeast Third Avenue
Suite 202
Fort Lauderdale, Florida 33301

Samuel D. Deluca, Esquire
(atty for Ruggeriero)
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

BY: _____
MICHAEL G. SMITH
FBN# 265802
633 Southeast Third Avenue, Suite 4-F
Fort Lauderdale, FL 33301
(954)764-0033 / (954)764-2590 - fax