00-6273.rr8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**



Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ADAM TODD SILVERMAN, et al.,

    Defendants

_____/

## REPORT AND RECOMMENDATION

**This Cause** is before the Court on Defendant Adam Todd Silverman's Motion to Suppress Statements, filed March 1, 2001. The Court has reviewed the Motion and the Response. Additionally, an evidentiary hearing was held on September 4, 2001, and this Court adopts the transcript of that hearing by reference herein.

## Facts and Discussion

Defendant argues that statements he gave to the Broward Sheriff's Office ("BSO") and to the FBI should be suppressed because he was under the influence of alcohol and/or drugs at the the statements were made.

Post-arrest statements of an accused are presumptively inadmissible in a court of law unless the government can establish that the statements were made voluntarily and after the defendant knowingly and intelligently waived his constitutional right to remain silent. Miranda v. Arizona, 384 U.S. 436, 455 (1966). The Government initially argued that Defendant was not entitled to an evidentiary hearing, in that he had not alleged any type of coercive police activity. See Colorado v. Connelly, 479 U.S. 157 (1986); United States v. Scheigert, 809 F.2d 1532 (11th Cir. 1987).

1

Although the Government is correct that allegations of coercion are necessary to prove involuntariness of a confession, in United States v. Turner, 157 F.3d 552 (8th Cir. 1998), the court clarified that in its subsequent decision in Colorado v. Spring, 479 U.S. 564 (1987), "the Supreme Court made clear that validity of a *Miranda* waiver has 'two distinct dimensions' -- whether the waiver is voluntary and whether it is knowing and intelligent." Id. at 555 (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986). See also Miller v. Dugger, 838 F.2d 1530, 1539 (11th Cir. 1988) (stating "We do not read the *Connelly* decision as demonstrating an intent by the Supreme Court to eliminate this distinction between voluntariness and knowing waivers.") Therefore, this Court held an evidentiary hearing on the issue of whether Defendant was prevented from knowingly and intelligently waiving his rights, and or providing a statement due to the influence of alcohol or drugs.

With respect to the April 22, 1999 statement to BSO, Detective Frank Ilarraza testified that Defendant voluntarily accompanied BSO officers to the BSO office, where he voluntarily provided a sworn taped statement. Defendant was not under arrest or otherwise in custody at the time, and therefore, no Miranda rights were required. Detective Ilarraza further testified that Defendant was cooperative and appeared alert, was articulate in his responses to questions, did not slur his words, did not have bloodshot eyes or smell of alcohol, was not sweating profusely, and showed no other signs of being under the influence of any substance. This evidence was uncontroverted. Accordingly, there are no grounds for suppression of that statement.

With respect to the September 27, 2000 statement to the FBI, Special Agent William Grover testified that prior to the statement, Defendant was advised of his Miranda rights, and that Defendant signed a waiver form. Agent Grover further testified that at the time of the waiver, Defendant was alert and cooperative, was articulate in his responses to questions, did not slur his words, did not have bloodshot eyes or smell of alcohol, was not sweating profusely, and showed no other signs of

2

being under the influence of any substance. BSO Detective Warren Emerson also testified as to the lack of any indication that Defendant was under the influence of any substance at the time of his arrest. Again, this evidence was uncontroverted. Accordingly, there are no grounds for suppression of that statement.[1]

## Recommendation

Accordingly, this Court respectfully recommends that the Motion to Suppress Statements be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this _13rd_ day of September, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:    Honorable Paul C. Huck
       counsel on attached list

---

[1] Although there was testimony that Defendant brought some type of medication with him to the FBI officer at the time of his arrest, there was no evidence offered as to what type of medication it was, and Agent Grover testified that Defendant never advised him that he had taken any medication or drank any alcohol prior that day prior to waiving his rights or providing the statement.

3

Lawrence D. LaVecchio, Esq. (AUSA)
Richard Houlihan, Esq.
Samuel Deluca, Esq.
Jeffrey Weinkle, Esq.
Donald Spadero, Esq.
Michael Smith, Esq.
Fred Haddad, Esq.
Albert Levin, Esq.
Thomas Almon, Esq.
Manuel Gonzalez, Esq.
William D. Matthewman, Esq.
Christopher A. Grillo, Esq.