UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO.: 00-6273-CR-HUCK / GARBER

UNITED STATES OF AMERICA,
    Plaintiff,
vs.

ADAM TODD SILVERMAN,
    Defendant
_____/

## DEFENDANT SILVERMAN'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, ADAM TODD SILVERMAN, by and through undersigned appointed counsel, pursuant to Rule 32©)(3)(D) of the Federal Rules of Criminal Procedure, and respectfully files his objections to the PSI, and in support thereof says:

### CRIMINAL HISTORY COMPUTATION[1]

The Defendant objects to paragraph 48 of the PSI wherein he is accorded one criminal history point for conduct occurring on

---

[1] As the undersigned has discussed with the government, these objections are being filed to perfect these objections pending receipt by the defense of documentation and the results of an investigation presently ongoing into the Defendant's background.

January 28, 1989, more than ten years prior to the Defendant's commencement of the instant offense (U.S.S.G. § 4A1.2(e)). Additionally, it appears adjudication was withheld for this offense.

The Defendant objects to paragraphs 51 of the PSI wherein he is accorded one criminal history point where adjudication was withheld in case number F94-30652.

Defendant objects to paragraph 52 of the PSI wherein he is accorded one criminal history point upon a withhold adjudication in case number 97-14375CF10A. Additionally, Defendant objects to the suggestion that his probation in that case was terminated on April 9, 1999, and not prior to that date. Thus, it is believed that the instant offense, occurring March 19, 1999, was not committed while Defendant was on probation and thus two points should not be added pursuant to U.S.S.G. § 4A1.1(d).

## MISCELLANEOUS OBJECTIONS
## NOT EFFECTING GUIDELINES CALCULATION

Defendant objects to assertions in paragraphs 17, 19, and 32 of the PSI wherein it is suggested that this Defendant was a

member of the South Florida crew of the Gambino Crime Family and used threats of force and violence to the person and property of others in collecting extensions of credit which had been made and that this Defendant used extortionate means to collect extensions of credit. Althoguh counsel was not present during the taking of evidence at trial, it is believed that this Defendant was not involved in extortion and in collecting debts owed to Massaro or others.

Undersigned counsel has attempted to discuss these objections with the probation officer, who was unavailable to confer.

WHEREFORE, based upon the above and foregoing, the Defendant, ADAM TODD SILVERMAN, respectfully requests that this Court grant these Objections and sentence him in conformity therewith.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was mailed this 7th day of February, 2002 to Larry LaVecchio, Esquire, Assistant U.S. Attorney, 500 East Broward Blvd., Suite 700, Fort Lauderdale, Florida 33301 and to Thomas Felasco, U.S. Probation, 300 Northeast First Avenue, Miami, Florida 33132-2126.

_____
Michael G. Smith
AutoNation Tower, Suite 1970
110 Southeast Sixth Street
Fort Lauderdale, FL 33301
(954) 761-7201 - Office
(954) 767-8343 - Fax
Florida Bar No. 265802